Brad Lee Barnhill
8104 Defiance Avenue
Las Vegas, Nevada 89129
Phone: 702.613.2576
Brad@ElectBarnhill.net
Plaintiff, *in Propria Persona, sui juris*

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
OCT 01 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brad Lee Barnhill,

Plaintiff,

v.

FRANCISCO V. AGUILAR, in his official capacity as Secretary of State of Nevada,

Defendant.

Case No. 2:26-cv-02818-JAD-MDC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS (ECF NO. 7) AND MOTION TO EXTEND TIME (ECF NO. 8); PLAINTIFF'S MOTION TO CONSOLIDATE WITH RNC v. AGUILAR, CASE NO. 2:24-cv-00518-CDS-MDC; AND NOTICE OF RELATED CASES UNDER LR 42-1**

*[Fed. R. Civ. P. 42(a); LR 7-2; LR 42-1; Landis v. N. Am. Co., 299 U.S. 248 (1936)]*

***ORAL ARGUMENT REQUESTED***

COMES NOW Plaintiff Brad Lee Barnhill, *in propria persona, sui juris*, to oppose Defendant's Motion to Stay Proceedings [ECF No. 7] and Defendant's Motion to Extend Time [ECF No. 8], to move this Court pursuant to LR 7-2 and Fed. R. Civ. P 42(a) to consolidate this action with ***RNC v. AGUILAR***, CASE NO. 2:24-cv-00518-CDS-MDC, and to give proper and timely Notice of Related Cases pursuant to LR 42-1.

Respectfully submitted this 30th day of September, 2026.

/s/ Brad Lee Barnhill
Brad Lee Barnhill
Plaintiff, *in Propria Persona, sui juris*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant asks this Court to park Plaintiff's National Voter Registration Act action indefinitely while a different, older case proceeds before a different district judge. That is not a "moderate" *Landis* stay. It is a request to delay a private right of action that Congress authorized after the Secretary of State closed Plaintiff's sworn election complaint without investigating approximately 12,465 apparent duplicate Clark County registrations drawn from the Secretary's own public data.

The proper response to overlapping legal questions is not a stay of the later-filed case. It is notice of related cases under LR 42-1 and consolidation, or coordinated proceedings, under Federal Rule of Civil Procedure 42(a). Plaintiff therefore opposes the Motion to Stay [ECF No. 7] and the stay-tied Motion to Extend Time [ECF No. 8], and moves to consolidate this action with ***Republican National Committee et al. v. Aguilar***, Case No. 2:24-cv-00518-CDS-MDC (the "**RNC Matter**"), or, in the alternative, to have the cases assigned or coordinated so that common questions of NVRA Section 8 law are decided consistently without extinguishing Plaintiff's distinct record-level claims.

### II. BACKGROUND

Plaintiff is a Nevada elector and Independent American Party candidate for Nevada Secretary of State. Using publicly available voter-registration data downloaded from the Secretary's website on January 26, 2026, and applying more than twenty years of professional database-integrity experience, Plaintiff identified approximately 12,465 Clark County records that match on first name, last name, and birth year, yet carry different voter-registration numbers and different residential addresses. A reviewed subset reflects recorded participation in the 2024 General Election under both entries.

Plaintiff submitted a sworn Affidavit of Complaint and covering letter on May 20, 2026 (Complaint C26-69 SOS). After assignment to Investigator Darrell Harris and more than fourteen days of silence, Plaintiff served a formal NVRA pre-suit demand on June 3, 2026. On June 4, 2026, the Secretary closed

the file. The closure letter did not audit the 12,465 records. It recast the complaint as an individual residency "challenge" under NRS 293.535 / 293.547, asserted that third-party data analysis is not "personal knowledge," and declined action. That administrative refusal—not a census-rate theory—is the gravamen of this suit.

The RNC Matter, filed in 2024 and now proceeding on a Second Amended Complaint dated November 11, 2024, alleges that several Nevada counties have impossibly high or statistically anomalous registration rates compared with adult-citizen population figures, and seeks statewide declaratory and injunctive relief under the same NVRA section [ECF No. 7-1]. That case has been pending for approximately two years. Defendant now asks that this Court wait for "resolution" of that matter before Defendant even answers here.

## III. LEGAL STANDARD

A stay is not a matter of right. "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." ***Landis v. N. Am. Co.***, 299 U.S. 248, 255 (1936). Any stay must be "moderate in extent and not oppressive in its consequences." *Id.* at 256–57. An indefinite stay pending another case is disfavored. ***Dependable Highway Express, Inc. v. Navigators Ins. Co.***, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

Under Rule 42(a), if actions before the court involve a common question of law or fact, the court may join matters for hearing, consolidate the actions, or issue other orders to avoid unnecessary cost or delay. LR 42-1 requires a party who believes actions are related to file a notice in each action stating the relationship and why assignment to a single judge is desirable. Relatedness includes similar questions of fact and the same question of law where single-judge assignment would save substantial judicial effort.

LR 7-2 requires an opposition within 14 days. LR IA 6-1 requires good cause for an extension; an extension sought only to await a stay that should be denied is not good cause.

## IV. THE MOTION TO STAY SHOULD BE DENIED

### *A. The requested stay is not moderate; it is indefinite.*

Defendant describes the stay as "brief" and "moderate." The papers do not identify a date, a pending dispositive motion in the RNC Matter, or any other definite endpoint. They ask this Court to wait for "resolution of the RNC Matter and any dispositive ruling affecting Nevada's list-maintenance obligations." [ECF No. 7 at 5]. The RNC Second Amended Complaint itself is dated November 11, 2024. Waiting for an unspecified future ruling in a two-year-old case is the opposite of the limited stay *Landis* permits.

### *B. Defendant has not shown a clear case of hardship.*

Having to draft an answer, or later to brief overlapping legal questions, is ordinary litigation. It is not the "clear case of hardship or inequity" *Landis* requires—particularly where Defendant already prepared a seven-page stay brief attaching the RNC pleading. Parallel briefing is a reason to coordinate cases, not to freeze one of them.

The claimed risk of "inconsistent injunctions" is speculative. No injunction has issued in either case. If common questions of what Section 8(a)(4) requires should be decided once, consolidation or related-case assignment accomplishes that result without denying Plaintiff a docket.

### *C. A stay would prejudice Plaintiff and the NVRA's enforcement design.*

Congress created a private right of action and a pre-suit notice period precisely so that an aggrieved person may obtain prompt judicial review after a chief election officer fails to act. 52 U.S.C. § 20510(b). Plaintiff completed that statutory sequence: sworn analysis, complaint C26-69 SOS, written demand, and a one-day administrative closure that refused to examine the data. Staying this case rewards that closure.

Plaintiff's injury is concrete and ongoing. Apparent duplicate registrations remaining on the Clark County rolls, including a subset with dual 24G participation flags, are list-maintenance defects now. Every election cycle that passes without reconciliation is a cycle in which the official list is not "accurate and

current." 52 U.S.C. § 20507(a)(4). Defendant's assertion that Plaintiff "will suffer no prejudice" because the RNC Matter seeks similar declaratory relief is incorrect. Plaintiff is not a party to the RNC Matter, does not control that docket, and alleges a distinct factual predicate the RNC pleading does not develop: record-level identity matches with dual registration numbers, dual addresses, dual 24G marks, and an official refusal to audit those records after sworn notice.

Moreover, Plaintiff is on this coming November's ballot as a candidate for Defendant's office. A stay does not serve justice in this instance, as *justitia dilata est iustitia negata*.

### *D. The two cases are related in law, not identical in fact.*

Defendant admits the "differing factual scopes." [ECF No. 7 at 3]. The RNC theory is county-level registration rates versus adult-citizen estimates. Plaintiff's theory is pairwise record anomalies inside the Secretary's own download, plus the Secretary's June 4, 2026 determination that an Election Integrity Violation Report built on that data will not be investigated. Those facts will not be tried in the RNC Matter unless this case is coordinated with it. A stay that waits for the RNC Matter therefore does not "resolve" Plaintiff's claims; it postpones them.

## V. THE MOTION TO EXTEND TIME SHOULD BE DENIED OR SHARPLY LIMITED

The only "good cause" offered for an extension to October 12, 2026, is the pendency of the stay motion. [ECF No. 8]. If the stay is denied, that premise disappears. Defendant is the State's chief election officer, represented by the Attorney General, and has had the Complaint and the underlying administrative file since service. Answering a short NVRA complaint is not complex.

Plaintiff does not object to a brief, defined period—seven (7) days after an order denying the stay—solely so that counsel may file a responsive pleading. Plaintiff does object to any extension that is conditioned on, or measured by, continued non-decision of the stay, and objects to using Rule 6(b) as a substitute for the stay itself.

## VI. MOTION TO CONSOLIDATE AND NOTICE OF RELATED CASES

### *A. The actions are related under LR 42-1.*

Plaintiff hereby gives notice, pursuant to LR 42-1(a), that this action is related to:

*Republican National Committee, Nevada Republican Party, and Scott Johnston v. Francisco Aguilar, et al.*,
Case No. 2:24-cv-00518-CDS-MDC,
United States District Court for the District of Nevada.

Both actions are brought under Section 8 of the NVRA, 52 U.S.C. § 20507, against the Nevada Secretary of State in his official capacity. Both allege that Nevada has failed to make a reasonable effort to maintain accurate voter-registration lists. Both seek declaratory and injunctive relief defining the Secretary's federal list-maintenance duties. Assignment of both matters to a single district judge (and, as appropriate, a single magistrate judge) would avoid inconsistent interpretations of "reasonable effort" under Section 8(a)(4) and would save substantial judicial effort. LR 42-1(a)(3).

### *B. Consolidation or coordination is the correct remedy.*

Rule 42(a) authorizes consolidation where cases share a common question of law or fact. The common question of law is whether Nevada's current list-maintenance program satisfies Section 8(a)(4). Common questions of fact include the architecture of the statewide voter-registration system, the division of labor between the Secretary and county clerks, and the Secretary's response to documented anomalies.

Consolidation need not merge the parties into a single complaint or erase Plaintiff's distinct Clark County record-level proof. The Court may consolidate for pretrial proceedings and for resolution of shared legal issues, while preserving separate trials or separate factual development if warranted. Fed. R. Civ. P. 42(a)(1), (a)(3). That structure gives Defendant the consistency he claims to need, without the prejudice a *Landis* stay would inflict on Plaintiff.

Plaintiff is proceeding *in propria persona* and cannot control filings on the RNC docket. Plaintiff will serve this motion on counsel of record in the RNC Matter and on Defendant. Plaintiff respectfully

requests that the assigned judges confer as LR 42-1 contemplates, and that this motion be treated as a request for consolidation, coordinated pretrial proceedings, or reassignment as the Court deems efficient.

## VII. CONCLUSION

The Motion to Stay should be denied. The Motion to Extend Time should be denied except for a short period after denial of the stay in which Defendant must answer. The Court should notice the RNC Matter as related, consolidate or coordinate the actions under Rule 42(a) and LR 42-1, and set a prompt schedule for Defendant's responsive pleading in this case.

## VIII. CERTIFICATION

I certify that artificial intelligence was used to generate a portion of this filing. I have reviewed the source material and verified that the artificially generated content in the filing is accurate and complies with the filing's Rule 11 obligations.

Respectfully submitted this 28th day of September, 2026.

/s/ Brad Lee Barnhill
Brad Lee Barnhill
Plaintiff, *in Propria Persona, sui juris*

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2026, I mailed the foregoing document for filing tos the Clerk of Court for the United States District Court for the District of Nevada.

I certify that on September 30, 2026, I served a true copy by U.S. Mail, postage prepaid, and by electronic mail, upon:

Emily D. Espinosa, Deputy Attorney General, Office of the Nevada Attorney General, 100 North Carson Street, Carson City, NV 89701-4717, edespinosa@ag.nv.gov

and upon Counsel of record for Plaintiffs in Case No. 2:24-cv-00518-CDS-MDC:

Jeffrey F. Barr, Ashcraft & Barr LLP, 8275 S. Eastern Ave., Ste. 200, Las Vegas, NV 89123, barrj@ashcraftbarr.com

Sigal Chattah, 5875 S. Rainbow Blvd. #204, Las Vegas, NV 89118, sigal@thegoodlawyerlv.com

Thomas R. McCarthy, Gilbert C. Dickey, Conor D. Woodfin, Consovoy McCarthy PLLC, 1600 Wilson Blvd., Ste. 700, Arlington, VA 22209

*/s/ Brad Lee Barnhill*
Brad Lee Barnhill
Plaintiff, *in Propria Persona, sui juris*