**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brad Lee Barnhill,<br>Plaintiff,<br><br>vs.<br><br>Francisco V. Aguilar,<br>Defendant. | Case No. 2:26-cv-02818-JAD-MDC<br><br>**ORDER UNSEALING PLAINTIFF'S EX PARTE MOTION (ECF NO. 5) AND DENYING MOTION FOR RULING (ECF NO. 13) AS MOOT** |

*Pro se* plaintiff filed an *Ex Parte Motion for Authorization to Register as a CM/ECF Filer and to Receive Electronic Service Pursuant to LR IC 2-1(b)* ("Electronic Service Motion") (ECF No. 5). Under LR IA 7-2(b), an "ex parte motion or application must articulate a rule that permits ex parte filing and explain why it is filed on an ex parte basis." *Id.* Plaintiff here did not file an accompanying Motion to Seal the Motion, or explain why he filed the Motion *ex parte*. While plaintiff is *pro se*, "he must still follow the rules, and he has not done so here." *Ordonez Maluf v. Bergelectric Corp.*, No. 2:23-cv-00115-CDS-MDC, 2025 WL 3215893, at *2 (D. Nev. November 17, 2025). Therefore, the Court unseals the Motion and will adjudicate it after providing defendant a reasonable opportunity to review and respond. Defendant shall have until **October 23, 2026** to respond to the Electronic Service Motion. As his Electronic Service Motion is being unsealed to give defendant an opportunity to respond, plaintiff's *Motion for Ruling on Plaintiff's Ex Parte Motion* (ECF No. 13) is also denied as moot.

The Court also received multiple *ex parte* (unavailable to other parties) emails from plaintiff seeking relief to file electronically in this case. All requests to the Court must be formally made by a motion and publicly filed. Requests to the court cannot be made by email or other informal, *ex parte* communications. Plaintiff may find the Court's local rules of practice at Local-Rules-of-Practice-Amended-2020.pdf. Plaintiff should also review the Federal Rules of Civil Procedure.

**IT IS ORDERED** that plaintiff's *Ex Parte Motion for Authorization to Register as a CM/ECF Filer and to Receive Electronic Service Pursuant to LR IC 2-1(b)* (ECF No. 5) is unsealed and will be adjudicated in the normal course.

**IT IS FURTHER ORDERED** that defendant shall have until **October 23, 2026** to respond to the Motion.

**IT IS FURTHER ORDERED** that plaintiff's *Motion for Ruling on Plaintiff's Ex Parte Motion* (ECF No. 13) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff shall publicly file any requests regarding this case by a motion on the docket.

DATED: October 16, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.