**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brad Lee Barnhill,<br>Plaintiff<br>v.<br>Francisco V. Aguilar,<br>Defendant | Case No.: 2:26-cv-02818-JAD-MDC<br><br>**Order Denying Motions to Stay and Consolidate, and Granting Motion to Extend Time**<br><br>[ECF Nos. 7, 8, 10] |

Pro se plaintiff Brad Lee Barnhill, the Independent American Party candidate for Nevada's Secretary of State in the 2026 election, sues current Secretary of State Francisco Aguilar for violations of the National Voter Registration Act (NVRA) after the Secretary declined to open an investigation into Barnhill's allegations that thousands of duplicate voter-registration entries are on Nevada's voter rolls.[1] The Secretary moves to stay this case pending resolution of another NVRA case brought by the Republican National Committee (RNC), which is currently pending before U.S. District Judge Cristina D. Silva.[2] For his part, Barnhill moves to consolidate his case with the RNC's.[3]

I deny the motions. Although both cases arise under Section 8 of the NVRA, they raise distinct legal and factual issues that counsel against consolidation or a stay. I thus set this case on the standard litigation track and direct the Secretary to file a responsive pleading to Barnhill's complaint by November 19, 2026.

---

[1] ECF No. 2 (complaint).

[2] ECF No. 7; *Republican Nat'l Comm. v. Aguilar*, Case No. 2:24-cv-00518-CDS-MDC.

[3] ECF No. 10.

**Discussion**

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[4] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[5]

The Secretary contends that the RNC and Barnhill's cases both "require the court to interpret and apply the same core provisions of the NVRA" to determine "the Secretary's statutory duties under federal law, including what constitutes"[6] a "reasonable effort to remove the names of ineligible voters"[7] under 52 U.S.C. § 20507(a)(4). He maintains that parallel litigation on this issue may lead to conflicting rulings, which would impose hardship and inequity by frustrating the "uniform administration of election law."[8]

I find that the factual and legal differences between the two lawsuits make a stay unwarranted. As the Secretary points out, the RNC case "challenges the Secretary's statewide administration of list-maintenance obligations, alleging failures across multiple counties, deficiencies in statewide coordination, and systemic obstacles arising from Nevada's recently centralized voter-registration infrastructure."[9] It seeks injunctive relief requiring the Secretary

[4] *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[5] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[6] ECF No. 7 at 3.

[7] 52 U.S.C. § 20507(a)(4).

[8] ECF No. 7 at 4.

[9] *Id.* at 2–3.

"to develop and implement reasonable and effective registration list-maintenance programs" to cure the state's alleged NVRA violations.[10] But Barnhill's case challenges duplicate voter registrations in Clark County and contends that the Secretary's failure to investigate his claims because they were not based on "individualized, personal knowledge" violates the NVRA's mandate to make a reasonable effort to remove ineligible voters. He seeks an injunction specifically tailored to the duplicate entries he discovered, asking for "a good-faith audit and reconciliation of the flagged entries" and the implementation of "a documented, reasonable general program for identifying and resolving apparent duplicate registrations statewide going forward."[11]

Although both cases require analysis of Section 8(a)(4) of the NVRA, the factual underpinning of each case is analytically distinct. Judge Silva will be determining whether statewide procedures violate the NVRA, while I am asked to decide the much narrower issue of whether the Secretary's rejection of Barnhill's request for an investigation violates the statute. Because of those differences, I cannot conclude that permitting these cases to proceed on parallel tracks will result in conflicting orders. So, because I find no hardship or inequity and I conclude that staying this case will not simplify its resolution, I deny the Secretary's motion to stay.

For the same reasons, I deny Barnhill's motion to consolidate.[12] Under Local Rule 42-1(b), the court may consolidate cases if they "involve a common question of law or fact." As

---

[10] ECF No. 131 at 22 in *Republican Nat'l Comm. v. Aguilar*, Case No. 2:24-cv-00518-CDS-MDC.

[11] ECF No. 2 at 9.

[12] ECF No. 10.

discussed *supra*, though both cases involve the NVRA, the cases raise distinct factual and legal issues such that consolidating them will not "aid in the[ir] efficient and economic disposition."[13]

The Secretary also moves to extend its time to file a responsive pleading to Barnhill's complaint.[14] I grant that motion. The Secretary must file a responsive pleading by November 19, 2026.

## Conclusion

IT IS THEREFORE ORDERED that defendant Francisco Aguilar's motion to stay **[ECF No. 7] is DENIED**.

IT IS FURTHER ORDERED that plaintiff Brad Barnhill's motion to consolidate **[ECF No. 10] is DENIED**.

IT IS FURTHER ORDERED that Aguilar's motion to extend time **[ECF No. 8] is GRANTED**. **Aguilar must file a responsive pleading to Barnhill's complaint by November 19, 2026.**

U.S. District Judge Jennifer A. Dorsey
October 29, 2026

[13] L.R. 42-1(b).

[14] ECF No. 8.